IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOMMY BERNARD HENDERSON, JR., | No. 2:23-CV-1536-DMC-P |
| Plaintiff, | |
| v. | ORDER |
| CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al., | |
| Defendants. | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's original complaint, ECF No. 1.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). This provision also applies if the plaintiff was incarcerated at the time the action was initiated even if the litigant was subsequently released from custody. See Olivas v. Nevada ex rel. Dep't of Corr., 856 F.3d 1281, 1282 (9th Cir. 2017). The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that

1

complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  This means that claims must be stated simply, concisely, and directly.  See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because Plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is impossible for the Court to conduct the screening required by law when the allegations are vague and conclusory.

## I. PLAINTIFF'S ALLEGATIONS

Plaintiff Tommy Bernard Henderson, Jr., names the following as Defendants: (1) California Department of Corrections and Rehabilitation (CDCR), (2) John Grant, Canteen Manager, (3) DOES 1 through 50, Canteen Administrators/Personnel. See ECF No. 1, pg. 2. Plaintiff alleges Canteen access/fraud in violation of the Americans with Disabilities Act (ADA) and § 1983. See id. at 1.

In his claim, Plaintiff asserts that Defendants falsely advertised the April 2023 Canteen price listings. See id. at 3. According to Plaintiff, Defendants failed to adequately communicate that Plaintiff would be charged according to the increased prices listed in March 2023 rather than the decreased prices advertised in the April 2023 edition. See id. at 3.  Plaintiff asserts that this failure to communicate and false advertisement were due to Plaintiff's vulnerability as a qualified inmate/patient with a disability. Plaintiff alleges that he applied for canteen items for the month of April 2023. Plaintiff requested shredded beef, listed at $3.25, and mackerel, listed at $1.50 in the April canteen price listing. See id. at 3. According to Plaintiff, he was charged the prices for the March canteen price listing – shredded beef listed at $5.65, and mackerel listed at $1.85. See id. at 3.  Plaintiff claims that he was intentionally overcharged for the items listed on the April canteen form and was instead charged according to the higher March canteen price listing. See id. at 3.

1    Plaintiff alleges that he submitted a "request for interview" form to the Canteen
2 Manager concerning the charge discrepancy and was told that Defendant John Grant was
3 "depleting old inventory at old prices." Id. Plaintiff asserts that Defendant Grant did not provide
4 notice regarding the canteen's increased pricing during the month of April. Plaintiff asserts that
5 had Defendant Grant issued notice regarding the pricing inconsistencies, it would have put
6 Plaintiff and other inmates on notice the products would not be sold at the reduced prices noted in
7 April 2023 price listings. Plaintiff claims that Defendant Grant knowingly, intentionally, and
8 willingly misled inmate/patients assigned to psychiatric care. Plaintiff further asserts that
9 Defendant Grant's failure to provide adequate notice of the decision to sell inmates/patients
10 products at the increased March prices in turn failed to provide aids and services that Plaintiff is
11 entitle to under the ADA as a qualified individual with a disability.

## II. DISCUSSION

Plaintiff's complaint suffers from a number of defects.  First, Plaintiff cannot maintain suit against the CDCR, which is immune under the Eleventh Amendment.  Second, Plaintiff has not alleged sufficient facts relating to the nature of his disability to sustain a claim under the ADA.  The Court finds, however, that Plaintiff has stated a plausible claim against Defendant Davis based on denial of equal protection arising from disparate treatment of Plaintiff due to his disability.  Plaintiff will be provided the opportunity to proceeding on the original complaint against Defendant Davies only on his equal protection claim or amending the complaint to address the defects discussed further below which are susceptible to amendment.

### A.    **Eleventh Amendment Immunity**

The Eleventh Amendment prohibits federal courts from hearing suits brought against a state both by its own citizens, as well as by citizens of other states. See Brooks v. Sulphur Springs Valley Elec. Coop., 951 F.2d 1050, 1053 (9th Cir. 1991).  This prohibition extends to suits against states themselves, and to suits against state agencies. See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).  A state's agency responsible for incarceration and correction of prisoners is a state

3

agency for purposes of the Eleventh Amendment.  See Alabama v. Pugh, 438 U.S. 781, 782 (1978) (per curiam); Hale v. Arizona, 993 F.2d 1387, 1398-99 (9th Cir. 1993) (en banc).

Here, Plaintiff names as defendant the CDCR, which is a state agency responsible for incarceration and correction of prisoners and is, therefore, immune.  This defect cannot be cured by amendment.

### B. Causal Link

To state a claim under 42 U.S.C. § 1983, the plaintiff must allege an actual connection or link between the actions of the named defendants and the alleged deprivations.  See Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).  Rather, the plaintiff must set forth specific facts as to each individual defendant's causal role in the alleged constitutional deprivation.  See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

Here, Plaintiff names as defendants DOES 1 through 50.  To proceed against such defendants, Plaintiff must first identify their names and then amend the complaint to substitute fictitious defendants for true defendants.  Finally, Plaintiff must allege facts to show how each named defendant caused a violation of Plaintiff's constitutional or statutory rights.

### C. ADA

Title II of the ADA covers state prison inmates.  Pennsylvania Dep't of Corr. v. Yeskey, 524 U.S. 206, 213 (1998).  To present an ADA claim, an inmate must show: (1) they are an individual with a disability; (2) they are qualified to participate in or receive the benefit of some public entity's services, programs, or activities; (3) they were either excluded from participation in or denied the benefits of the public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (4) such exclusion, denial of

1   benefits, or discrimination was by reason of their disability. <u>Simmons v. Navajo County, Ariz.</u>,
2   609 F.3d 1011, 1021 (9th Cir. 2010) <u>overruled in part on other grounds by Castro v. County of</u>
3   <u>Los Angeles</u>, 833 F.3d 1060 (9th Cir. 2016).

4      For the purposes of the ADA, a disability is a physical or mental impairment that
5   substantially limits one or more major life activities. <u>Weaving v. City of Hillsboro</u>, 763 F.3d
6   1106, 1111 (9th Cir. 2014). To qualify, a disability must limit the ability of an individual to
7   perform a major life activity as compared to most people in the general population. See <u>Shields v.</u>
8   <u>Credit One Bank, N.A.</u>, 32 F.4th 1218, 1226 (9th Cir. 2022).  "[M]ajor life activities include, but
9   are not limited to, caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping,
10  walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating,
11  thinking, communicating, and working." <u>Id.</u> (citing 42 U.S.C. § 12102(2)(A)).

12     To be cognizable, a Title II claim for compensatory damages must allege that
13  Defendants were deliberately indifferent to Plaintiff's need for accommodation. See <u>Duvall v.</u>
14  <u>Cnty. of Kitsap</u>, 260 F.3d 1124, 1139 (9th Cir. 2001), <u>as amended on denial of reh'g</u> (Oct. 11,
15  2001).  To show deliberate indifference, Plaintiff must have provided notice to Defendants by
16  identifying specific reasonable and necessary accommodations. <u>Id.</u> (citing <u>Memmer v. Marin</u>
17  <u>County Courts</u>, 169 F.3d 630, 633 (9th Cir.1999)).  But providing notice is unnecessary if the
18  need for accommodation is "obvious" or is required by statute or regulation. <u>Id.</u>   Plaintiff must
19  also show that once notice was provided, Defendants failed to "undertake a fact-specific
20  investigation to determine what constitutes a reasonable accommodation." <u>Id.</u> Upon receiving
21  notice, Defendants "have a duty to gather sufficient information from [Plaintiff] and qualified
22  experts as needed to determine what accommodations are necessary." <u>Id.</u> (citing <u>Wong v.</u>
23  <u>Regents of the University of California</u>, 192 F.3d 807, 818 (9th Cir.1999).  Ultimately, the
24  "failure to act must be a result of conduct that is more than negligent and involves an element of
25  deliberateness." <u>Id.</u>

26     Here, Plaintiff asserts that Defendant Grant failed to provide adequate notice
27  regarding the decision to sell canteen items at the increased price in order to deplete old
28  inventory. Plaintiff has not, however, provided sufficient facts to indicate that Plaintiff provided

Defendant Grant with adequate notice identifying specific reasonable and necessary accommodations. Nor has Plaintiff alleged facts to show that he has a qualifying disability. Finally, Plaintiff has not alleged that Defendants failed to undertake an investigation to determine what constituted a reasonable accommodation. Plaintiff will be provided leave to amend to cure these defects and clarify his pleadings as to these claims.

### III. CONCLUSION

Because it is possible that the deficiencies identified in this order may be cured by amending the complaint, Plaintiff is entitled to leave to amend. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc). Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). Therefore, if Plaintiff amends the complaint, the Court cannot refer to the prior pleading in order to make Plaintiff's amended complaint complete. See Local Rule 220. An amended complaint must be complete in itself without reference to any prior pleading. See id.

If Plaintiff chooses to amend the complaint, Plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved, and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation. See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

///
///
///
///
///
///
///
///

Because the complaint appears to otherwise state cognizable claims, if no amended complaint is filed within the time allowed therefor, the Court will issue findings and recommendations that the claims identified herein as defective be dismissed, as well as such further orders as are necessary for service of process as to the cognizable claims.

Accordingly, IT IS HEREBY ORDERED that Plaintiff may file a first amended complaint within 30 days of the date of this order.

**Dated: January 18, 2024**

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE