IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOMMY BERNARD HENDERSON, JR., | No. 2:23-CV-1536-DJC-DMC-P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| JOHN GRANT, | |
| Defendant. | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Defendant's unopposed motion to dismiss. See ECF No. 17.

In considering a motion to dismiss, the Court must accept all allegations of material fact in the complaint as true. See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). The Court must also construe the alleged facts in the light most favorable to the plaintiff. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); see also Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976); Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam). All ambiguities or doubts must also be resolved in the plaintiff's favor. See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969). However, legally conclusory statements, not supported by actual factual allegations, need not be accepted. See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009). In addition, pro se pleadings are held to a less stringent standard than those drafted by lawyers.

1

See Haines v. Kerner, 404 U.S. 519, 520 (1972).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  However, in order to survive dismissal for failure to state a claim under Rule 12(b)(6), a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. at 555-56.  The complaint must contain "enough facts to state a claim to relief that is plausible on its face." Id. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949.  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting Twombly, 550 U.S. at 556).  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility for entitlement to relief." Id. (quoting Twombly, 550 U.S. at 557).

In deciding a Rule 12(b)(6) motion, the Court generally may not consider materials outside the complaint and pleadings. See Cooper v. Pickett, 137 F.3d 616, 622 (9th Cir. 1998); Branch v. Tunnell, 14 F.3d 449, 453 (9th Cir. 1994).  The Court may, however, consider: (1) documents whose contents are alleged in or attached to the complaint and whose authenticity no party questions, see Branch, 14 F.3d at 454; (2) documents whose authenticity is not in question, and upon which the complaint necessarily relies, but which are not attached to the complaint, see Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001); and (3) documents and materials of which the court may take judicial notice, see Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir. 1994).

Finally, leave to amend must be granted "[u]nless it is absolutely clear that no amendment can cure the defects." Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam); see also Lopez v. Smith, 203 F.3d 1122, 1126 (9th Cir. 2000) (en banc).

# I. BACKGROUND

## A. **Plaintiff's Allegations**

This case proceeds on Plaintiff's original complaint. Plaintiff names the following as Defendants: (1) California Department of Corrections and Rehabilitation; (2) John Grant, Canteen Manager at the California Health Care Facility; and (3) Does 1 through 50. See ECF No. 1, pg. 1. Defendant Grant is sued in his official capacity only. See id. at 6. Plaintiff seeks compensatory and punitive damages. See id.

Plaintiff asserts that Defendants falsely advertised the April 2023 Canteen price listings. See id. at 3. According to Plaintiff, Defendants failed to adequately communicate that Plaintiff would be charged according to the increased prices listed in March 2023 rather than the decreased prices advertised in the April 2023 edition. See id. at 3. Plaintiff asserts that this failure to communicate and false advertisement were due to Plaintiff's vulnerability as a qualified inmate/patient with a disability. Plaintiff alleges that he applied for canteen items for the month of April 2023. Plaintiff requested shredded beef, listed at $3.25, and mackerel, listed at $1.50 in the April canteen price listing. See id. at 3. According to Plaintiff, he was charged the prices for the March canteen price listing – shredded beef listed at $5.65, and mackerel listed at $1.85. See id. at 3. Plaintiff claims that he was intentionally overcharged for the items listed on the April canteen form and was instead charged according to the higher March canteen price listing. See id. at 3.

Plaintiff alleges that he submitted a "request for interview" form to the Canteen Manager concerning the charge discrepancy and was told that Defendant John Grant was "depleting old inventory at old prices." Id. Plaintiff asserts that Defendant Grant did not provide notice regarding the canteen's increased pricing during the month of April. Plaintiff asserts that had Defendant Grant issued notice regarding the pricing inconsistencies, it would have put Plaintiff and other inmates on notice the products would not be sold at the reduced prices noted in April 2023 price listings. Plaintiff claims that Defendant Grant knowingly, intentionally, and willingly misled inmate/patients assigned to psychiatric care. Plaintiff further asserts that Defendant Grant's failure to provide adequate notice of the decision to sell inmates/patients

products at the increased March prices in turn failed to provide aids and services that Plaintiff is entitle to under the ADA as a qualified individual with a disability.

**B.  Procedural History**

The Court determined that Plaintiff's complaint appeared to state cognizable claims against Defendant Grant based on denial of equal protection arising from disparate treatment due to disability.  See ECF No. 10.  The Court otherwise found that Plaintiff failed to state any other claims as against any other defendants.  See id.  Plaintiff was provided an opportunity to amend and cautioned that, if no first amended complaint was filed within the time permitted therefor, the action would proceed on Plaintiff's original complaint as to his equal protection claim against Defendant Grant.  See id.  Plaintiff did not file a first amended complaint within the time permitted and, on March 15, 2024, the Court recommended dismissal of all claims and defendants except Plaintiff's equal protection claim against Defendant Grant.  See ECF No. 12.  The findings and recommendations were adopted in full by the District Judge on June 7, 2024.  See ECF No. 18.

**II.  DISCUSSION**

In the unopposed motion to dismiss, Defendant argues: (1) because Defendant is a prison official sued in his official capacity only for damages, he is immune under the Eleventh Amendment; and (2) Plaintiff fails to allege sufficient facts to sustain an equal protection claim.  See ECF No 17-1.  The Court agrees.

**A.  Immunity**

The Eleventh Amendment prohibits federal courts from hearing suits brought against a state both by its own citizens, as well as by citizens of other states.  See Brooks v. Sulphur Springs Valley Elec. Coop., 951 F.2d 1050, 1053 (9th Cir. 1991).  The Eleventh Amendment also bars actions seeking damages from state officials acting in their official capacities.  See Eaglesmith v. Ward, 73 F.3d 857, 859 (9th Cir. 1995); Pena v. Gardner, 976 F.2d 469, 472 (9th Cir. 1992) (per curiam).  The Eleventh Amendment does not, however, bar suits against state officials acting in their personal capacities.  See id.  Under the doctrine of Ex Parte

4

Young, 209 U.S. 123 (1908), the Eleventh Amendment also does not bar suits for prospective declaratory or injunctive relief against state officials in their official capacities. See Armstrong v. Wilson, 124 F.3d 1019, 1025 (9th Cir. 1997).

Here, Plaintiff does not seek declaratory or injunctive relief. Plaintiff sues Defendant Grant in his official capacity only for compensatory and punitive damages. Defendant Grant is, therefore, immune under the Eleventh Amendment.

### B. Failure to State a Claim

Equal protection claims arise when a charge is made that similarly situated individuals are treated differently without a rational relationship to a legitimate state purpose. See San Antonio School District v. Rodriguez, 411 U.S. 1 (1972). Prisoners are protected from invidious discrimination based on race. See Wolff v. McDonnell, 418 U.S. 539, 556 (1974). Racial segregation is unconstitutional within prisons save for the necessities of prison security and discipline. See Cruz v. Beto, 405 U.S. 319, 321 (1972) (per curiam). Prisoners are also protected from intentional discrimination on the basis of their religion. See Freeman v. Arpaio, 125 F.3d 732, 737 (9th Cir. 1997). Equal protection claims are not necessarily limited to racial and religious discrimination. See Lee v. City of Los Angeles, 250 F.3d 668, 686-67 (9th Cir. 2001) (applying minimal scrutiny to equal protection claim by a disabled plaintiff because the disabled do not constitute a suspect class); see also Tatum v. Pliler, 2007 WL 1720165 (E.D. Cal. 2007) (applying minimal scrutiny to equal protection claim based on denial of in-cell meals where no allegation of race-based discrimination was made); Harrison v. Kernan, 971 F.3d 1069 (9th Cir. 2020) (applying intermediate scrutiny to claim of discrimination on the basis of gender).

In order to state a § 1983 claim based on a violation of the Equal Protection Clause of the Fourteenth Amendment, a plaintiff must allege that defendants acted with intentional discrimination against plaintiff, or against a class of inmates which included plaintiff, and that such conduct did not relate to a legitimate penological purpose. See Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000) (holding that equal protection claims may be brought by a "class of one"); Reese v. Jefferson Sch. Dist. No. 14J, 208 F.3d 736, 740 (9th Cir. 2000); Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998); Federal Deposit Ins. Corp. v. Henderson, 940

F.2d 465, 471 (9th Cir. 1991); Lowe v. City of Monrovia, 775 F.2d 998, 1010 (9th Cir. 1985).

    Citing the allegations in the complaint, Defendant argues:

> Here, Plaintiff does not allege that he was treated differently because of his disability, but rather that he should have been treated differently because of his disability. Plaintiff alleges that Defendant "fail[ed] to remove communication barriers" or "provide aids and services" to help Plaintiff and other EOP inmates understand that canteen items ordered in April 2023 would be charged according to the higher March 2023 prices. (*Id*. at 3-4.) Plaintiff does not allege that Defendant treated him, or other disabled inmates who purchased canteen items in April 2023, differently from other similarly situated inmates who purchased canteen items in April 2023. Indeed, the gravamen of Plaintiff's complaint is that Defendant *failed* to treat disabled inmates differently from everyone else. That Defendant treated disabled inmates the same as others does not state an equal protection claim. . . .
>
>     \* \* \*
>
> The Complaint also does not contain any facts from which it could be inferred that Defendant acted with discriminatory intent. Plaintiff's vague and conclusory allegations that Defendant "intentionally, knowingly and willfully misled inmate/patients assigned to [EOP,]" and that "these deceptive marketing tactics target[ed] the [P]laintiff because of his disability" (ECF No. 1 at 4), are insufficient to state a claim that Defendant purposefully discriminated against Plaintiff because of his disability. . . .

ECF No. 17-1, pgs. 4-5.

    Defendant's arguments, which Plaintiff does not oppose, are well-taken.  Most notably, and fatal to Plaintiff's complaint is the fact that Plaintiff does not allege that Defendant treated similarly situated non-EOP inmates differently than EOP inmates with regard to Canteen prices.  To the contrary, Plaintiff alleges that Defendant violated his rights by not treating him differently.  This allegation does not support an equal protection claim.  See Lee v. City of Los Angeles, 250 F.3d 668, 687 (9th Cir. 2001) (holding plaintiff's allegation that defendants failed to treat disabled persons differently from other similarly situated individuals did not state an equal protection claim); see also Lam v. City & Cnty. of San Francisco, 868 F. Supp. 2d 928, 951 (N.D. Cal. 2012), aff'd, 565 Fed.Appx. 641 (9th Cir. 2014) (noting that plaintiff must plausibly allege that he "was treated differently from persons similarly situated"); see also Chaffee v. Chiu, 2012 WL 1110012, at \*6 (N.D. Cal. 2012).

///

The Court also agrees with Defendant that Plaintiff's allegation that Defendant "intentionally, knowingly and willfully misled inmate/patients assigned to [EOP]," is too vague and conclusory, without additional detail, to allow the Court to plausibly infer that Defendant acted with discriminatory intent as to Canteen pricing.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982); see also Davis v. Ali, 2012 U.S. Dist. LEXIS 29790 at *10-11 (E.D. Cal. 2012) (holding that plaintiff's conclusory allegations of being treated differently and of defendant's alleged prejudice, are insufficient to state a claim that any defendant purposely discriminated against plaintiff).  Indeed, given Plaintiff's contention that Defendant Grant violated his rights by not treating EOP inmates differently, it is difficult to imagine a set of facts which would allow an inference of discriminatory intent.

### III.  CONCLUSION

Based on the foregoing, the undersigned recommends that Defendant's unopposed motion to dismiss, ECF No. 17, be GRANTED and that this action be DISMISSED with prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

**Dated:  September 10, 2024**

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE